**EOD**
03/30/2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KIRK LEWIS, | § | Case No. 09-41111 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| BILLY F. HILL, MARGIE HILL, | § | |
| ERIC B. HILL AND THERESA HILL | § | |
| MCCULLOUGH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. Proc. No. 09-4101 |
| | § | |
| KIRK LEWIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION REGARDING
REQUESTS FOR SUMMARY JUDGMENT**

Billy F. Hill, Margie Hill, Eric B. Hill, and Theresa Hill McCullough initiated this adversary proceeding on July 21, 2009, by filing a complaint seeking a determination that the obligation of the debtor, Kirk Lewis, to the Hills is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(4). This matter is before the Court on competing motions for summary judgment filed by the Hills and the debtor. The Hills and the debtor each argue that this Court's prior decision liquidating and allowing, in part, the Hills' proof of claim against the debtor has preclusive effect in this adversary proceeding. The Court exercises its core jurisdiction over this matter, *see* 28 U.S.C. §§ 157(b)(2)(I) and 1334, and makes the following findings of fact and conclusions of law, *see* FED. R. BANKR. P. 7052.

1

## I. Summary Judgment Standards

Motions for summary judgment are authorized by Rule 56 of the Federal Rules of Civil Procedure, as adopted and applied to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The entry of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but must demonstrate the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citing FED. R. CIV. P. 56(e)).

The party seeking summary judgment always bears the initial responsibility of informing the trial court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. In an action to determine the dischargeability of a debt, the creditor has the burden of proof under a preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). Thus, in this case, the Hills must support their request for summary judgment on their §§ 523(a)(2) and (a)(4) claims "with credible evidence – using any of the materials specified in Rule 56(c) – that would entitle [them] to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331.

Conversely, the debtor must support his motion for summary judgment by "identifying those portions of [the record] which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323.

Here, the parties agree that the Court's prior memorandum opinion regarding the Hills' proof of claim against the debtor, which contains detailed findings of fact, has preclusive effect in this adversary proceeding. The parties present opposing motions for summary judgment based upon the application of appropriate law to these facts. For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *See, e.g., Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995). The Court's prior memorandum opinion and the parties' motions set forth the following body of uncontested facts.

## II. Relevant Uncontested Facts

This adversary proceeding involves a long-running dispute among family members over the assets of the Maud Hill Life Insurance Trust, among other things. The debtor and the Hills, among others, were beneficiaries of the trust. The debtor's uncle was the trustee for the trust for some period of time. In addition, for some period of time, the debtor served as the trustee for the trust.

The debtor previously filed a case under Chapter 13 of the Code in this Court. The Hills filed a substantial claim against the debtor's estate, and the debtor objected to the allowance of the Hills' claim. On March 14, 2007, following a contested hearing on the debtor's objection, the Court entered a Memorandum Opinion and Order Allowing in

Part and Disallowing in Part Proof of Claim No. 4 Filed by Billy F. Hill, Margie J. Hill, Eric B. Hill and Theresa R. Hill McCullough.

In its prior opinion, the Court found that the debtor's uncle breached his fiduciary duty to the trust by making disbursements from the trust's assets at the debtor's instruction. The Court concluded that many of these disbursements were improper, and that the debtor aided and abetted his uncle's breach of his fiduciary duty to the trust. The Court further concluded that the debtor breached his own fiduciary duty to the trust during his tenure as trustee by transferring $66,860.71 from the trust's bank account to his liquor business, Eau de Vie, Inc. d/b/a Sprits Liquor Co. However, the Court also concluded that the Hills had failed to establish a claim against the debtor for fraud under Texas law, which required, among other things, proof of a misrepresentation by the debtor to Hills upon which the Hills relied.

The parties agree that the debtor made payments to the Hills for several years pursuant to the plan of reorganization in his Chapter 13 case. After the debtor ceased making required payments to the Chapter 13 trustee, the trustee filed a motion to dismiss the debtor's case. The Court granted the trustee's motion and entered an order dismissing the debtor's case on September 17, 2008. After receiving the Chapter 13 trustee's final report and account, the Court closed the debtor's case on April 3, 2009.

The debtor initiated his present bankruptcy case on April 13, 2009, by filing a voluntary petition for relief under Chapter 7 of the Code. The debtor disclosed only five unsecured claims in his bankruptcy schedules – the Hills' claim against him and four claims by attorneys for legal fees. On July 21, 2009, the Hills initiated this adversary proceeding in which they seek a judgment that the debtor's obligation to them is not

dischargeable in bankruptcy. The Hills specifically assert that the debtor's obligation is nondischargeable based on (1) actual fraud under § 523(a)(2)(A) and (2) fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4).

In his motion for summary judgment, the debtor argues that the Hills are not entitled to summary judgment, and their nondischargeability complaint is insufficient as a matter of law, because this Court previously concluded that the Hills had failed to establish a claim for fraud. In their brief in response to the debtor's motion for summary judgment, the Hills assert that the question of whether the debtor engaged in fraud is not before the Court. Rather, the Hills assert that the issue for the Court to decide is whether the findings contained in its prior memorandum opinion establish their claims as a matter of law. The Hills argue in their motion for summary judgment that the debtor engaged in "fraud," in a general sense, he breached his own fiduciary duty to the trust and its beneficiaries, and his obligation to them should not be discharged.

### III. Discussion

#### A. Actual Fraud under § 523(a)(2)(A)

Section 523(a)(2)(A) provides that a debt is nondischargeable if it is "for money, property, services, or an extension, renewal, or refinancing of credit," to the extent that it was "obtained by false pretenses, a false representation, or actual fraud." For a debt to be nondischargeable under § 523(a)(2)(A), "the creditor must show (1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance." *General Elec. Capital Corp. v. Acosta (In re*

*Acosta),* 406 F.3d 367, 372 (5th Cir. 2005) (citing *AT&T Universal Card Services v. Mercer (In re Mercer),* 246 F.3d 391, 403 (5th Cir. 2001)). Debts that satisfy the third element, the scienter requirement, are debts obtained by frauds involving "moral turpitude or intentional wrong, and any misrepresentations must be knowingly and fraudulently made." *Id.* (quoting *First Nat'l Bank LaGrange v. Martin (In re Martin),* 963 F.2d 809, 813 (5th Cir. 1992)).

In their motion for summary judgment, the Hills argue that "fraud" for purposes of § 523(a)(2)(A) should not be limited so as to require proof of misrepresentations by the debtor. The Hills argue that the Court's prior opinion establishes that the debtor harmed their property rights in the Maud Hill Life Insurance Trust "by dishonest method, including scheming with his uncle, to pay [his own] debts with money that belonged to the [t]rust." The Hills further argue that the debtor's conduct was fraudulent, in the broad sense of that term, because it deprived them "of something of value by trick, deceit, chicane or overreaching …." In lieu of providing evidence with respect to the required elements set forth in *Acosta*, the Hills urge this Court to adopt the holding of *McClellan v. Cantrell,* 217 F.3d 890, 893 (7th Cir. 2000), and its progeny. *See, e.g., Mellon Bank, N.A. v. Vitanovich (In re Vitanovich),* 259 B.R. 873, 877 (6th Cir. BAP 2001) ("actual fraud as used in 11 U.S.C. § 523(a)(2)(A) is not limited to misrepresentations and misleading omissions.... When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code.").

The Court understands that the Hills feel cheated by the removal of assets from the trust by the debtor and his uncle. The Code, however, does not permit bankruptcy

6

courts to "act as roving commission[s] to do equity." *Southmark Corp. v. Grosz (In re Southmark Corp.),* 49 F.3d 1111, 1116 (5th Cir. 1995) (citations and internal quotations omitted). Exceptions to discharge are construed strictly against the creditor and liberally in favor of the debtor, *see, e.g., Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997), and the Court cannot ignore the clear and binding precedent regarding the proper statutory interpretation of § 523(a)(2)(A). *See, e.g., Field v. Mans,* 516 U.S. 59, 69 (1995) ("actual fraud" under § 523(a)(2)(A) carries the acquired meaning of a term of art). *See also, e.g., Blacksmith Investments, LLC v. Woodford (In re Woodford)*, 403 B.R. 177, 186-87 (Bankr. D. Mass. 2009) (declining to adopt the Seventh Circuit's approach in *McClellan*); *KMK Factoring, LLC v. McKnew (In re McKnew),* 270 B.R. 593, 618 n. 40 (Bankr. E.D. Va. 2001) (disagreeing with *McClellan* and *Vitanovich* and "declin[ing] to expand the definition of fraud under § 523(a)(2)(A)").

The Fifth Circuit's formulation of the requirements for relief under § 523(a)(2)(A) provides relief to creditors who are direct victims of false representations by a debtor. *See also, e.g., Century 21 Balfour Real Estate v. Menna (In re Menna),* 16 F.3d 7 (1st Cir. 1994) (dismissing the § 523(a)(2) claim of a real estate broker, who sought to except from discharge the indemnification claim that he had against the debtor, arising out of the debtor's fraudulent misrepresentations to the purchasers for which the broker was held liable). Here, as previously discussed, the Court has found that the Hills failed to establish that the debtor made any misrepresentations to them upon which they relied. The Court, therefore, concludes that the Hills have failed to establish grounds for a summary judgment against the debtor with respect to their § 523(a)(2)(A) claim. The

Court further concludes that the debtor has established the absence of a genuine issue for trial on the Hills' § 523(a)(2)(A) claim.

## B. Breach of Fiduciary Duty Under § 523(a)(4)

Section 523(a)(4) of the Code excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. §523(a)(4). In this case, the Court previously found that the debtor breached his fiduciary duty to the trust by making an improper disbursement to his liquor business. As the Hills point out in their motion for summary judgment, § 523(a)(4) does not require a showing of actual fraud by the debtor while acting in a fiduciary capacity – the Court "need go no further than the test for defalcation" in finding a debt nondischargeable under this provision. *Moreno v. Ashworth*, 892 F.2d 417, 421 (5th Cir. 1990).

Defalcation is a willful neglect of duty. *Office of Thrift Supervision v. Felt (In re Felt)*, 255 F.3d 220, 226 (5th Cir. 2001). A debtor may be guilty of defalcation regardless whether or not the defalcation is accompanied by fraud or embezzlement. *Id*. Unlike fraud, defalcation does not require actual intent, but merely some level of mental culpability. The Fifth Circuit has described the "willful neglect" of a fiduciary duty as "essentially a reckless standard." *Schwager v. Fallas*, 121 F.3d 177, 185 (5th Cir. 1997). Willfulness is measured by an objective standard of what a reasonable person in the debtor's position knew or reasonably should have known. *See In re Felt*, 255 F.3d at 226. Under the objective standard, a debtor is charged with knowledge of the law without regard to a subjective analysis of his intent or motive. *Id*.

Here, the debtor deliberately emptied the trust's bank account and transferred the funds – $66,860.71 – to his own company while he was serving as the trustee for the

trust. The Court's prior conclusion that the debtor breached his fiduciary duty to the trust was based on this conduct. There is no dispute that the Hills, who are four of the eight beneficiaries of the trust, had a ½ interest in the trust's assets. The debtor may not have specifically intended to harm the Hills, but any reasonable person in the debtor's position would have known that his conduct was wrongful. The Court, therefore, concludes that no genuine issue of material fact exists with respect to the Hills' claim that the debtor's liability to them as it relates to the fiduciary duty count is nondischargeable pursuant to § 523(a)(4), and the Hills are entitled to a summary judgment on their § 523(a)(4) claim.

### IV. Conclusion

For the foregoing reasons, the Court concludes that the Hills have established that they are entitled, as a matter of law, to a nondischargeable judgment against the debtor in the amount of $33,430.36 pursuant to § 523(a)(4).

**IT IS THEREFORE ORDERED** that the Hills' motion for summary judgment is **DENIED** with respect to their § 523(a)(2) claim and **GRANTED**, in part, with respect to their § 523(a)(4) claim**.**

**IT IS FURTHER ORDERED** that the debtor's motion for summary judgment is **GRANTED** with respect to the Hills' § 523(a)(2) claim in part and **DENIED** with respect to the Hills' 523(a)(4) claim.

Signed on 3/30/2010

_Brenda T. Rhoades_  SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE